IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

JAMES GASPARD

v.

ELEV8 BRANDS, INC., a Utah Corporation, and
RYAN MEDICO

---

### COMPLAINT

---

COMES NOW the Plaintiff, James Gaspard ("Gaspard"), by the undersigned counsel, and for his complaint against Elev8 Brands, Inc. ("Elev8") and Ryan Medico ("Medico") states as follows:

1. This lawsuit arises from Gaspard's employment with Elev8, formerly known as Vencor International, Inc. Gaspard was employed as Elev8's CEO. Desiring that the company succeed, Gaspard deferred his $10,000 per month salary in favor of accepting a category of "preferred" shares in the company which Mr. Gaspard could convert to common stock in Elev8 after a vesting period of time had elapsed at a ratio of 100 shares of common stock to 1 unit of preferred shares. Mr. Gaspard was then wrongfully terminated ten months later. When the "preferred" shares vested, Mr. Gaspard attempted to convert these shares to common stock. But Defendant Ryan Medico, as president of Elev8, wrongfully and in bad faith amended Elev8's articles of incorporation to devalue the stock to a ratio of 1 to 1. This was done for the sole purpose of depriving Mr. Gaspard of all but 1% of the compensation he is owed for his services.

### PARTIES AND JURISDICTION

2. Elev8 is a Utah Corporation with its principal place of business located in Florida.

1

3. Upon information and belief, Medico is a resident of Florida.

4. Upon information and belief, Medico has, at all times material to the transactions described herein, been president of Elev8.

5. At all times material to the transactions described herein, Gaspard has been a resident of Colorado.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

7. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to the claims herein occurred in this district. Elev8 employed Gaspard in Colorado and maintained an office in Colorado during the course of Gaspard's employment. As further detailed herein, Medico was a primary participant in intentional and tortious activity with knowledge that the effects of the activity would be felt in Colorado, and stood to gain personally from this activity.

**Facts Common to All Counts**

8. In October of 2014, Gaspard entered into an entered into an Employment Agreement with Elev8, which was known at the time as Vencor International, Inc.

9. In October of 2014, Elev8 (formerly Vencor International, Inc.) had an office located at 6525 Gunpark Drive, Suite 379-141, Boulder, Colorado 80301.

10. The Employment Agreement provided Mr. Gaspard's salary "shall be ten thousand dollars per month." (Exhibit 1, Employment Agreement.)

11. At the time Gaspard and Elev8 entered into the Employment Agreement, Elev8 was unable to pay Mr. Gaspard his monthly salary.

12. As a result and as a condition of his continued employment, Elev8 provided Mr. Gaspard with 50,000 shares of "Preferred B Stock" on November 12, 2014 ("Gaspard Stock") in lieu of his monthly salary. (Exhibit 2, Stock Certificate.) At that time, Preferred B Stock was convertible to common stock in Elev8 at a rate of 100 shares of common stock for every 1 share of Preferred B Stock. (*Id*; Exhibit 3, August 25, 2014 Amendment to Articles of Incorporation.)

13. Notwithstanding the 100:1 ratio, the Gaspard Stock was subject to a restriction preventing Mr. Gaspard from converting his stock to common stock until one year had passed.

14. On or about August 10, 2015 Elev8 sent Mr. Gaspard a letter of termination. The letter of termination stated, in pertinent part:

> This letter will serve as our written authority for you to keep the 50,000 Preferred shares of [Elev8] that you have in your possession in lieu of the salary that is currently owed to you.

(Exhibit 4, August 10, 2015 Letter of Termination.)

15. According to Elev8's June 30, 2016 Quarterly report, Elev8 had issued Preferred B Stock to Mr. Gaspard and one other person, Scott Forsythe. (Exhibit 5, June 30, 2016 Quarterly Report.)

16. On September 16, 2015, Elev8 changed its name from Vencor International, Inc. to PLAD, Inc.

17. On October 21, 2016, Elev8 again changed its name from PLAD, Inc. to Elev8 Brands, Inc.

18. Upon information and belief, Mr. Forsythe was compensated for his interest in Elev8 in connection with a reverse merger occurring on or about October of 2016.

19. Upon information and belief and as a result of the reverse merger, Gaspard was the only individual with any de-facto financial interest in the Series B Preferred Stock which comprised the Gaspard Stock.

3

20. In October of 2016, after the preferred stock had vested, Mr. Gaspard sought to convert the Gaspard Stock to common stock in order to gain the opportunity to trade such stock at a time of his choosing.

21. On or about October 31, 2016, Attorney Arnold F. Sock attempted to contact Elev8 regarding conversion of his shares to common stock.

22. The Gaspard Stock was convertible to 5,000,000 shares of common stock in Elev8 at the time of Mr. Sock's request.

23. On November 1, 2016, Instead of responding to Mr. Sock and honoring its obligations to Mr. Gaspard, however, Elev8 promptly devalued the Gaspard Sock by a factor of 100 by resolution without a meeting.

24. Elev8, by and through Medico, amended its articles of incorporation to adjust the conversion ratio from 100:1 to 1:1.  (See Exhibit 6, November 4, 2016 Amendment to Articles of Incorporation Signed by Ryan Medico.)

25. Upon information and belief, Elev8 and Medico altered the conversion rate of the Gaspard Stock as described herein as a result of Mr. Sock's request.

26. Upon information and belief, Elev8 and Medico altered the conversion rate of the Gaspard Stock as described herein in order to deprive Gaspard of the compensation he was promised in connection with his services for Elev8 and in connection with the Employment Agreement.

27. Upon information and belief, Medico sought to benefit personally from altering the conversion rate of the Gaspard Stock.  According to Elev8's annual 2016 report, Medico owns 2,000,000 Series D preferred shares.  Accordingly, Medico stood to gain personally from the devaluation of the Gaspard Stock.

28.     As a result of this change, the Gaspard Stock would convert to 50,000 shares of common stock.  At this conversion rate, the Gaspard Stock would be worth less than even one month of his promised monthly salary.

29.     Gaspard fully performed his obligations under the Employment Agreement and has satisfied all conditions precedent to the claims herein.

### Count I
### Breach of Fiduciary Duty/Corporate Oppression
### Against Medico and Elev8

30.     Gaspard hereby realleges and incorporates the allegations in Paragraphs 1 through 29 as if fully stated herein.

31.     Section 16-10a-840 of the Utah Code requires directors to discharge their duties a) in good faith; b) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and c) in a manner the director or officer reasonably believes to be in the best interests of the corporation.

32.     Elev8 made Gaspard a shareholder by issuing him the Gaspard Stock.

33.     The Gaspard Stock carries no voting rights, is not eligible to receive dividends, and no public market exists for the Gaspard Stock.

34.     At the time of the events described herein, Elev8 had issued classes of shares to its management, including but not limited to Series A Preferred Stock, which provided its management with the ability to outvote any vote by common stockholders.  Each share of Series A Preferred Stock carried voting rights equal to 500 common shares, and a sufficient number of Series A Preferred stock had been issued to ensure that common stockholders had no meaningful common voting rights.

35.     Elev8 is a Close Corporation within the meaning of Utah law.

36. In the alternative, Mr. Gaspard's position as an owner of the Gaspard Stock placed him in a position analogous to that of a minority stockholder in a close corporation.

37. Medico, as president of Elev8, had a fiduciary duty to Gaspard to discharge his management responsibilities in good faith and not out of avarice, expediency, or self-interest in derogation of his duty of loyalty to other stockholders, including Gaspard, or the corporation.

38. Gaspard had reasonable commercial expectations that he would be permitted to exchange the Gaspard Stock for common stock in Elev8 at a conversion rate of 100 shares of common stock for 1 share of the Gaspard Stock, or 100:1.

39. Gaspard agreed to accept the Gaspard Stock in lieu of salary as a result of Elev8's representations and Gaspard's reasonable commercial expectations described herein.

40. Medico breached his fiduciary duty to Gaspard by devaluing the Gaspard Stock as described herein.

41. Upon information and belief, Medico's actions in devaluing the Gaspard Stock as described herein were intentional, willful, in bad faith, and were undertaken and in reckless disregard of Gaspard's rights.

42. Medico acted with the knowledge and approval of Elev8.

43. As a result of Medico's breach of fiduciary duty to Gaspard, Gaspard has been damaged in an amount to be determined at trial.

### Count II
### Colorado Wage Act, C.R.S. § 8-4-101, et seq.
### Against Elev8
### (Alternative Claim)

44. Gaspard hereby realleges and incorporates the allegations in Paragraphs 1 through 29 as if fully stated herein.

45. Gaspard brings this Count II as an alternative claim to Count I pursuant to Fed. R. Civ. P. 8(d).

46. Elev8 employed Gaspard as an employee within the meaning of the Colorado Wage Act.

47. At the time Elev8 terminated Gaspard's employment, Elev8 had presented the Gaspard Stock as compensation to be provided to Gaspard in lieu of his salary.

48. In reliance on these representations, Gaspard accepted the Gaspard Stock in lieu of the salary owed to him, agreeing to a modification of the original terms of his employment.

49. Elev8's conduct in subsequently devaluing the Gaspard Stock as described herein constitutes a failure of consideration, entitling Gaspard to rescind this modification of his employment agreement and demand payment of his wages.

50. On or about March 28, 2017, Gaspard sent a demand for payment to Elev8. Elev8 received this demand on March 30, 2017.

51. Despite receiving the demand, Elev8 failed to pay wages or other compensation due to Gaspard, and has failed to make a tender within 14 days after the demand as required under C.R.S. § 8-4-110.

52. To date, Gaspard never received his net wages earned.

53. Elev8's failure pay wages owed as alleged herein was knowing and willful.

54. Under the Colorado Wage Act, Elev8 is liable to Gaspard for all wages and compensation owed to Gaspard, in addition to the penalties, interest, costs, and fees recoverable pursuant to C.R.S. § 8-4-101 et seq.

55. As a result of Elev8's failure to pay wages as stated herein, Gaspard has been damaged in an amount to be determined at trial.

**Count III**
**Breach of Contract**
**Against Elev8**
**(Alternative Claim)**

56. Gaspard hereby realleges and incorporates the allegations in Paragraphs 1 through 29 as if fully stated herein.

57. Gaspard brings this Count III as an alternative claim to Count I pursuant to Fed. R. Civ. P. 8(d).

58. At the time Elev8 terminated Gaspard's employment, Elev8 had presented the Gaspard Stock as compensation to be provided to Gaspard in lieu of his salary.

59. In reliance on these representations, Gaspard accepted the Gaspard Stock in lieu of the salary owed to him, agreeing to a modification of the original terms of his employment.

60. Elev8's conduct in subsequently devaluing the Gaspard Stock as described herein constitutes a failure of consideration, entitling Gaspard to rescind this modification of his employment agreement and demand payment of his wages.

61. Elev8 has failed to pay Gaspard wages in breach of the employment agreement.

62. Upon information and belief, Elev8's termination of Gaspard was also wrongful. Elev8 was able to successfully launch the "services" contemplated by the Employment Agreement.

63. Upon information and belief, Elev8 misrepresented its ability to launch the "services" contemplated by the Employment Agreement in bad faith in order to terminate Gaspard pursuant to Section 2.5.1 of the Employment Agreement and to avoid owing him additional compensation for his services.

64. Upon information and belief, Elev8 terminated Gaspard because its shareholders intended to sell the company, and not because of any inability of Elev8 to provide services.

## Count IV
## Quantum Meruit
## Against Elev8
## (Alternative Claim)

65. Gaspard hereby realleges and incorporates the allegations in Paragraphs 1 through 29 as if fully stated herein.

66. Gaspard brings this Count IV as an alternative claim to Count I, II, and III pursuant to Fed. R. Civ. P. 8(d).

67. In the event the court finds Employment Agreement to be unenforceable, Gaspard is entitled to compensation for his services to Elev8 in the form of quantum meruit.

68. Gaspard performed services for Elev8 as alleged herein.

69. Gaspard has not been compensated for his services under circumstances where it would be unequitable for Elev8 to retain the benefits of Gaspard's services without compensating Gaspard for them.

70. Gaspard is entitled to compensation in quantum meruit in an amount to be determined at trial.

WHEREFORE: For the reasons stated above, Plaintiff James Gaspard respectfully requests that this Court award compensatory and punitive damages in favor of James Gaspard and against Defendant Ryan Medico and Elev8 Brands, Inc., in an amount to be determined at trial, including pre and post judgment interest, and all costs and attorney's fees to the extent allowable under applicable law.  In the alternative, Plaintiff James Gaspard respectfully requests that this Court issue an award of damages in favor of James Gaspard damages against Defendant Elev8 Brands, Inc. in an amount to be determined at trial, including but not limited to all amounts recoverable under C.R.S. § 8-4-101, et. seq, including statutory penalties, interest, and attorney's fees.  In the alternative, Plaintiff James Gaspard respectfully requests that this Court

enter an award of compensatory damages against Defendant Elev8 Brands, Inc. for breach of contract in an amount to be determined at trial, and such other and further relief that this Court deems to be just and proper.  In the alternative, Plaintiff James Gaspard respectfully requests that this Court enter an award of compensatory damages against Defendant Elev8 Brands, Inc. in quantum meruit for the reasonable value of the services provided by Mr. Gaspard to Defendant Elev8 Brands, Inc., in connection with his employment, and such other relief that this Court deems to be just and proper.

## JURY DEMAND

Mr. Gaspard respectfully demands a jury trial on all issues so triable.

Respectfully submitted on April 21, 2017

>s/ William C. Groh, III
>William C. Groh, III, No. 43577
>Scott Brenner, No. 44474
>THOMAS P. HOWARD, LLC
>842 W. South Boulder Rd. Suite 100
>Louisville, CO 80027
>Tel: 303-665-9845
>Fax: 303-665-9847
>wcgroh@thowardlaw.com
>sbrenner@thowardlaw.com
>Counsel for Plaintiff